# Exhibit D

# MODIFICATION AND JOINDER AGREEMENT

**THIS MODIFICATION AND JOINDER AGREEMENT** (the "**Agreement**"), made on the ___ day of November, 2020, with an effective date of the ____ day of November, 2020, by and among **HERITAGE HILLS ASSOCIATES**, a Pennsylvania limited partnership, having an address at 2700 Mt. Rose Avenue, York, Pennsylvania 17402 (the "**Original Borrower**"), **HERITAGE HILLS BUSINESSES LIMITED PARTNERSHIP**, a Pennsylvania limited partnership, having an address at 2700 Mt. Rose Avenue, York, Pennsylvania 17402 ("**Heritage Hills**"), **HERITAGE HILLS BUSINESSES I LLC**, a Pennsylvania limited liability company, having an address at 2700 Mt. Rose Avenue, York, Pennsylvania 17402 ("**Businesses**" and together with the Original Borrower and Heritage Hills, collectively, jointly and severally the "**Borrowers**"), **MATTHEW J. DEROSE**, an individual, having an address at 820 Heritage Hills Drive, York, Pennsylvania 17402 ("**Matthew**"), **JOANN DEROSE**, an individual, having an address at 906 Heritage Hills Drive, York, Pennsylvania 17402 ("**Joann**"), **RHODA DEROSE**, an individual, having an address at 820 Heritage Hills Drive, York, Pennsylvania 17402 ("**Rhoda**"), **TIMOTHY BARLEY**, an individual, having an address at 750 Windrush Drive, Dallastown, Pennsylvania 17313 ("**Timothy**"), **BENJAMIN SHEPPARD**, an individual, having an address at 2827 Westwind Lane, York, Pennsylvania 17404 ("**Benjamin**"), **JASON MOTTER**, an individual, having an address at 2279 Spangler Circle, York, Pennsylvania 17406 ("**Jason**"), **BSM HOLDINGS LLC**, a Pennsylvania limited liability company, having an address at 3098 E. Prospect Road, York, Pennsylvania 17402 ("**BSM I**"), **BSM HOLDINGS GROUP LLC**, a Pennsylvania limited liability company, having an address at 3098 E. Prospect Road, York, Pennsylvania 17402 ("**BSM II**" and together with Matthew, Joann, Rhoda, Timothy, Benjamin, Jason, and BSM I, collectively, jointly and severally the "**Guarantors**"), and **CROWN BANK,** having an address at 27 Prince Street, Elizabeth, New Jersey 07208 ("**Lender**").

## WITNESSETH:

**WHEREAS**, Lender is the holder of a certain Promissory Note (the "**Original Note**") dated November 21, 2014 made by the Original Borrower to Lender in the principal amount of Ten Million and 00/100 Dollars ($10,000,000.00) (the "**Original Loan**"); and

**WHEREAS,** the Original Borrower and the Lender entered into a certain Loan Agreement (the "**Loan Agreement**") dated November 21, 2014 which governs the terms and conditions of the Loan; and

**WHEREAS**, the Original Note is secured by a certain Open-End Mortgage and Security Agreement (the **"Mortgage")** from the Original Borrower to the Lender dated November 21, 2014, and recorded on November 24, 2014 in the Office of the Recorder of Deeds in and for York County, Pennsylvania, in Record Book 2300, page 4560, as Instrument No. 204052110, which Mortgage is a first lien on the premises commonly known as 2690 and 2700 Mt. Rose Avenue, and designated as UPI 46-00-IJ-0019, 46-000-IJ-0020, 54-000-IJ-0021F, and 54-000-IJ-0022 on the official tax map of the Townships of York and Springettsbury, County of York and Commonwealth of Pennsylvania (collectively the **"Mortgaged Premises")** and as more fully set forth on Schedule A attached to the Mortgage; and

**WHEREAS**, the Original Note is further secured by an Absolute Assignment of Leases and Rents (the "**Assignment of Leases**") from the Original Borrower to the Bank dated November 21, 2014, and recorded on November 24, 2014, in the Office of the Recorder of

Deeds in and for York County, Pennsylvania, in Record Book 2300, Page 4584, as instrument number 2014052111; and

**WHEREAS,** Matthew and Joann (jointly the "**Original Guarantors**") unconditionally guaranteed the Original Loan as evidenced by those certain Guarantees of Payment, each dated November 21, 2014 (jointly the "**Original Guarantees**") and each made by the Original Guarantors to the Lender (the Original Note, the Loan Agreement, the Mortgage, the Assignment of Leases, the Original Guarantees, and all other documents executed or delivered in connection with the Loan, henceforth collectively referred to as the "**Loan Documents**"); and

**WHEREAS**, the Borrowers and the Guarantors have requested that the Lender (i) join Heritage Hills and Businesses (jointly the "**New Co-Borrowers**") as co-borrowers along with the Original Borrower under the Note and the other Loan Documents, (ii) join Rhoda, Timothy, Benjamin, Jason, BSM I and BSM II (collectively the "**New Guarantors**") as unconditional and unlimited guarantors of the Loan and of the Borrowers' obligations under the Note and the other Loan Documents, (iii) amend and restate the terms of the Original Note, and (iv) to otherwise modify certain other terms of the Loan Documents; and

**WHEREAS**, the Lender is willing to (i) join the New Co-Borrowers as co-borrowers along with the Original Borrower under the Note and the other Loan Documents, (ii) join the New Guarantors as unconditional and unlimited guarantors of the Loan and of the Borrowers' obligations under the Note and the other Loan Documents, (iii) amend and restate the terms of the Original Note, and (iv) to otherwise modify certain other terms of the Loan Documents, all on certain terms and conditions as hereinafter provided.

**NOW, THEREFORE**, for and in consideration of the premises (which are deemed herein contained) and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

1. **PRINCIPAL AMOUNT OF LOAN.**

The Borrowers and the Guarantors acknowledge that the outstanding principal balance due by the Borrowers under the Original Note is Eight Million Eight Hundred Eighty Seven Thousand Three Hundred Sixty Seven and 33/100 Dollars ($8,887,367.33) as of November ____, 2020. The Borrowers and Guarantors hereby represent, warrant and confirm that there are no set-offs, rights, claims or causes of action of any nature whatsoever which either the Borrowers or the Guarantors has or may assert against the Lender with respect to the Original Note, the Mortgage, the Assignment of Leases or the other Loan Documents.

2. **REQUEST FOR MODIFICATION AND JOINDER AND ACKNOWLEDGEMENT BY LENDER.**

The Borrower and the Guarantors have requested and the Lender has agreed to (i) join the New Co-Borrowers as co-borrowers along with the Original Borrower under the Note and the other Loan Documents, (ii) join the New Guarantors as unconditional and unlimited guarantors of the Loan and of the Borrowers' obligations under the Note and the other Loan Documents, (iii) amend and restate the terms of the Original Note, and (iv) to otherwise modify certain other terms of the Loan Documents. This Agreement provides for that modification of

terms and the joinder of New Co-Borrowers as borrowers and the New Guarantors as guarantors.

3. **MODIFICATION OF THE NOTE**

3.1 The Original Note shall be modified and amended pursuant to the terms of that certain Amended and Restated Promissory Note (the "**Amended and Restated Note**") in the principal amount of $8,962,367.33 (the "**Loan**") from the Borrower to the Lender, of even date herewith, terms and conditions of which shall be incorporated herein by reference. The Original Note, as amended and restated pursuant to the Amended and Restated Note, shall hereafter be referred to as the "**Note**."

4. **MODIFICATION OF THE LOAN DOCUMENTS.**

4.1 The Loan Documents are hereby modified and amended to include Heritage Hills Businesses Limited Partnership, a Pennsylvania limited partnership, and Heritage Hills Businesses I LLC, a Pennsylvania limited liability company, as Borrower or Borrowers wherever those terms appear.

4.2 The Loan Documents are hereby modified and amended to Rhoda DeRose, Timothy Barley, Benjamin Sheppard, Jason Motter, BSM Holdings LLC, a Pennsylvania limited liability company, and BSM Holdings Group LLC, a Pennsylvania limited liability company, as Guarantor or Guarantors wherever those terms appear.

4.3 The Loan Documents are hereby modified and amended to reflect that the definition of "**Note**" wherever it appears shall refer to the Promissory Note dated November 21, 2014 in the amount of $10,000,000.00, as amended and restated pursuant to the terms of the Amended and Restated Promissory Note dated November ___, 2020, with an effective date of November ___, 2020 in the amount of $8,962,367.33.

4.4 The Loan Documents are hereby modified and amended to reflect that the "**Loan**" shall be $8,962,367.33.

4.5 The Loan Documents are hereby modified and amended to include those certain Guarantees of Payment, each dated November ___, 2020, with an effective date of November ___, 2020 from Rhoda DeRose, Timothy Barley, Benjamin Sheppard, Jason Motter, BSM Holdings LLC, a Pennsylvania limited liability company, and BSM Holdings Group LLC, a Pennsylvania limited liability company to the Lender (collectively, the "**New Guarantees**") in the definition of "**Guaranty**", "**Guarantee**," and "**Guarantees**" wherever those terms appear.

4.6 The Loan Documents are hereby modified and amended to include this Agreement, that certain Reaffirmation of Guaranty of even date herewith from Matthew J. DeRose and Joanne DeRose to the Lender, that certain Assignment of Management Agreement of even date herewith from Heritage Hills Businesses I LLC and Heritage Hills Associates to the Lender, the New Guarantees, the Promissory Note dated November 21, 2014 in the amount of $10,000,000.00, as amended and restated pursuant to the terms of the Amended and Restated Promissory Note dated November ___, 2020, with an effective date of November ___, 2020 in the amount of $8,962,367.33, and any other documents executed and delivered to the Lender in connection with this Agreement in the definitions of "**Loan Documents**" wherever that term appears.

4.7 The Loan Documents are hereby modified and amended to include the following in the definition of "**Event of Default**" or "**Events of Default**": "Failure of Heritage Hills Businesses I, LLC, as Manager of the Mortgaged Property, to maintain an amount of at least $500,000.00 in an account dedicated to the operation of the business on the Mortgaged Property at all times during the term of the Loan."

5. **JOINDER OF NEW CO-BORROWERS**

5.1 Upon the effectiveness of this Agreement, the New Co-Borrowers join in, assumes the obligations of a Borrower under, adopts the terms of and becomes a Borrower under the Note, the Loan Agreement and each other Loan Document. All references to "Borrower" or "Borrowers" contained in the Loan Documents are hereafter deemed, for all purposes, to refer to and include the New Co-Borrowers, and the New Co-Borrowers hereby agree to comply, from and after the date hereof, with all of the terms and conditions of the Loan Documents as if it was an original signatory thereto.

5.2 Without limiting the generality of the provisions of Section 4.1 above, the New Co-Borrowers are liable, on a collective, joint and several basis, along with the Original Borrower, for all obligations incurred at any time by the Original Borrower under the Loan Documents, as amended hereby or as the same may be hereafter amended, modified or supplemented.

5.3 Original Borrower hereby reaffirms, and the New Co-Borrowers hereby represent and warrant, that as of the date hereof no default or Event of Default exists under any of the Loan Documents and all of the existing representations and warranties contained in the Loan Documents are true and correct in all material respects as of the date hereof (including without limitation with respect to the New Co-Borrowers), except with respect to those representations and warranties which are specifically limited to an earlier date. The Original Borrower and the New Co-Borrowers each hereby further represent and warrant to Bank that this Agreement has been duly authorized, executed and delivered by Original Borrower and the New Co-Borrowers and constitutes the legal, valid and binding obligation of the Original Borrower and the New Co-Borrowers, enforceable in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or similar state or federal debtor relief laws from time to time in effect which affect the enforcement of creditors' rights in general and the availability of equitable remedies.

5.4 The New Co-Borrowers hereby confirm that each have reviewed and approved each of the Loan Documents. Except as expressly set forth herein, all of the terms and conditions of the Note, the Loan Agreement and the other Loan Documents are hereby ratified and confirmed by the Original Borrower and the New Co-Borrowers and continue unchanged and in full force and effect. All references to the Loan Documents contained in any such document shall mean such Loan Documents as modified by this Agreement.

5.5 Original Borrower and the New Co-Borrowers hereby agree that they will execute any and all further documents, agreements and instruments, and take all such further actions (including the filing and recording of financing statements and other documents), which may be required under any applicable law, or which the Bank may reasonably request, to effectuate the transactions contemplated by the Loan Documents, as modified by this Agreement.

6. **JOINDER OF NEW GUARANTORS.**

6.1 From and after the date hereof, the New Guarantors shall join in, assume the obligations of the Guarantors under, adopts the terms of and become Guarantors, on a collective, joint and several basis, under the Loan Documents. All references to Guarantor or Guarantors contained in the Loan Documents are hereafter deemed, for all purposes, to refer to and include the New Guarantors as Guarantors, and the New Guarantors and the Original Guarantors hereby agree to comply, on a collective, joint and several basis from and after the date hereof with respect to all of the terms and conditions of the Loan Documents as if they were original signatories thereto.

6.2 Without limiting the generality of the provisions of subparagraph 5.1 above, the New Guarantor are liable, on a collective, joint and several basis along with all other Guarantors, for all obligations incurred at any time by any one or more Guarantor under the Loan Documents, as amended hereby or as may by hereafter amended, modified or supplemented.

6.3 Original Guarantors hereby reaffirm, and the New Guarantors hereby represent and warrant, that as of the date hereof no default or Event of Default exists under any of the Loan Documents and all of the existing representations and warranties contained in the Loan Documents are true and correct in all material respects as of the date hereof (including without limitation with respect to the New Guarantors), except with respect to those representations and warranties which are specifically limited to an earlier date. The Original Guarantor and the New Guarantors each hereby further represent and warrant to Bank that this Agreement has been duly authorized, executed and delivered by Original Guarantors and the New Guarantors and constitutes the legal, valid and binding obligation of the Original Guarantors and the New Guarantors, enforceable in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or similar state or federal debtor relief laws from time to time in effect which affect the enforcement of creditors' rights in general and the availability of equitable remedies.

6.4 The New Guarantors have received and reviewed a copy of the Loan Documents. The New Guarantors hereby approves and accepts the terms, conditions and covenants of the Loan Documents, as modified by the terms of this Agreement, and agrees to be bound by each and every provision thereof as if the New Guarantors have executed the Loan Documents, all of which terms, covenants, conditions representations and warranties are incorporated herein by reference. In accordance with this Agreement, the New Guarantors have knowingly and willingly entered into and delivered to the Lender the New Guarantees all of even date herewith. All capitalized terms not otherwise defined herein shall have the meanings given thereto in the applicable Loan Document.

6.5 Original Guarantors and the New Guarantors hereby agree that they will execute any and all further documents, agreements and instruments, and take all such further actions (including the filing and recording of financing statements and other documents), which may be required under any applicable law, or which the Bank may reasonably request, to effectuate the transactions contemplated by the Loan Documents, as modified by this Agreement.

7. **THE MORTGAGE**

7.1 Security for the Note. The Borrowers and Guarantors hereby affirm that the Mortgage shall continue to be a first lien on the Mortgaged Premises and shall continue to secure the Note, as modified by this Agreement.

8. **CONTINUED VALIDITY OF ORIGINAL LOAN DOCUMENTATION.**

Except as otherwise provided herein, the Note, the Loan Agreement, the Mortgage, the Assignment of Leases, the Guarantees and any and all other Loan Documents shall continue in full force and effect, in accordance with their respective terms, and the parties hereto hereby expressly ratify, confirm and reaffirm all of their respective liabilities, obligations, duties and responsibilities under and pursuant to the Loan Documents, as modified by this Agreement, and the Borrower and the Guarantors agree that the same shall constitute valid and binding agreements of the Borrower and the Guarantors, enforceable in accordance with their respective terms.

9. **MODIFICATION AGREEMENT CONTROLS.**

In the event of a conflict between the terms and conditions of this Agreement and the terms and conditions of the Note, the Loan Agreement, the Mortgage, the Assignment of Leases, the Guarantees or the other Loan Documents, the terms and conditions of this Agreement shall control.

10. **NO NOVATION.**

This Agreement does not represent in any way new indebtedness or satisfaction of the indebtedness evidenced by the Note. It is the intention of the parties hereto that this Agreement shall not constitute a novation and shall in no way adversely affect or impair the lien priority of the Mortgage, or any other instrument securing the Loan.

11. **COUNTERPARTS**

This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute the entire agreement between the parties.

[Remainder of this page intentionally left blank]

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first above written.

| **WITNESS:** | **BORROWERS:** |
| --- | --- |
| | Heritage Hills Associates,<br>a Pennsylvania limited partnership |
| [signature] ______________________ | By: [signature] ______________________<br>Matthew J. DeRose,<br>Its general partner |
| Witness: | Heritage Hills Businesses Limited Partnership,<br>a Pennsylvania limited partnership |
| | By its general partner,<br>BSM Holdings LLC |
| ______________________ | By: ______________________<br>Timothy Barley, Manager |
| Witness: | Heritage Hills Businesses I LLC,<br>a Pennsylvania limited liability company |
| | By its sole member,<br>Heritage Hills Businesses Limited Partnership |
| | By its general partner,<br>BSM Holdings LLC |
| ______________________ | By: ______________________<br>Timothy Barley, Manager |
| **WITNESS:** | **GUARANTORS:** |
| [signature] ______________________ | [signature] ______________________<br>Matthew J. DeRose, individually |

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first above written.

**WITNESS:**

**BORROWERS:**

Heritage Hills Associates,
a Pennsylvania limited partnership

_____________________________

By:_____________________________
Matthew J. DeRose,
Its general partner

Witness:

Heritage Hills Businesses Limited Partnership,
a Pennsylvania limited partnership

By its general partner,
BSM Holdings LLC

_____________________________

By:_____________________________
Timothy Barley, Manager

Witness:

Heritage Hills Businesses I LLC,
a Pennsylvania limited liability company

By its sole member,
Heritage Hills Businesses Limited Partnership

By its general partner,
BSM Holdings LLC

_____________________________

By:_____________________________
Timothy Barley, Manager

**WITNESS:**

**GUARANTORS:**

_____________________________

_____________________________
Matthew J. DeRose, individually

Rhoda L. DeRose

Matthew J. DeRose

JoAnn DeRose, Matthew J. DeRose POA
Joann DeRose, individually

Rhoda L. DeRose
Rhoda DeRose, individually

______________________________
Timothy Barley, individually

______________________________
Benjamin Sheppard, individually

______________________________
Jason Motter, individually

BSM Holdings LLC,
a Pennsylvania limited liability company

By:______________________________
Timothy Barley, Manager

BSM Holdings Group LLC,
a Pennsylvania limited liability company

By:______________________________

**WITNESS:**

**LENDER:**
Crown Bank

By:______________________________
Peggy Lane, Vice President

Joann DeRose, individually

Rhoda DeRose, individually

Timothy Barley, individually

Benjamin Sheppard, individually

Jason Motter, individually

BSM Holdings LLC,
a Pennsylvania limited liability company

By:____________________
Timothy Barley, Manager

BSM Holdings Group LLC,
a Pennsylvania limited liability company

By:____________________

**WITNESS:**

**LENDER:**
Crown Bank

By:____________________
Peggy Lane, Vice President

**Acknowledgements**

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Pennsylvania

On the 20th day of November, 2020, before me personally came Matthew J. DeRose, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the general partner of Heritage Hills Associates, a Pennsylvania limited partnership, and that he/she is duly authorized to act on behalf of said Limited Partnership, and being informed of the contents thereof, acknowledged execution of the foregoing instrument on behalf of said Limited Partnership.

Witness my hand and official seal, this 20th day of November, 2020.

Commonwealth of Pennsylvania - Notary Seal
Julia T. Arndt, Notary Public
York County
My commission expires July 19, 2023
Commission number 1234962
Member, Pennsylvania Association of Notaries

Julia T. Arndt
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___________________

On the _____ day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the Manager of BSM Holdings LLC, the general partner of Heritage Hills Businesses Limited Partnership, a Pennsylvania limited partnership, and that he/she is duly authorized to act on behalf of said Limited Partnership, and being informed of the contents thereof, acknowledged execution of the foregoing instrument on behalf of said Limited Partnership.

Witness my hand and official seal, this _____ day of November, 2020.

_______________________________________
Notary Public

## Acknowledgements

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ________________

On the ____ day of November, 2020, before me personally came Matthew J. DeRose, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the general partner of Heritage Hills Associates, a Pennsylvania limited partnership, and that he/she is duly authorized to act on behalf of said Limited Partnership, and being informed of the contents thereof, acknowledged execution of the foregoing instrument on behalf of said Limited Partnership.

Witness my hand and official seal, this _____ day of November, 2020.

________________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

On the 19th day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the Manager of BSM Holdings LLC, the general partner of Heritage Hills Businesses Limited Partnership, a Pennsylvania limited partnership, and that he/she is duly authorized to act on behalf of said Limited Partnership, and being informed of the contents thereof, acknowledged execution of the foregoing instrument on behalf of said Limited Partnership.

Witness my hand and official seal, this 19th day of November, 2020.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

On the 19th day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly swom, did depose and say that he/she is the Manager of BSM Holdings LLC, the general partner of Heritage Hills Businesses Limited Partnership, the sole member of Heritage Hills Businesses I LLC, a Pennsylvania limited liability company; and that he/she executed the foregoing instrument in the name of said limited liability company, and that he/she had authority to sign the same, and acknowledged that he/she executed the same as the act and deed of said limited liability company.

Witness my hand and official seal, this 19th day of November, 2020.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___________________

**BE IT REMEMBERED**, that on this _____ day of November, 2020 before me, the subscriber, personally appeared Matthew J. DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

_______________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ___________________

**BE IT REMEMBERED**, that on this _____ day of November, 2020 before me, the subscriber, personally appeared Joann DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

_______________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ____________________

On the ____ day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly swom, did depose and say that he/she is the Manager of BSM Holdings LLC, the general partner of Heritage Hills Businesses Limited Partnership, the sole member of Heritage Hills Businesses I LLC, a Pennsylvania limited liability company; and that he/she executed the foregoing instrument in the name of said limited liability company, and that he/she had authority to sign the same, and acknowledged that he/she executed the same as the act and deed of said limited liability company.

Witness my hand and official seal, this _____ day of November, 2020.

______________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Pennsylvania

**BE IT REMEMBERED**, that on this 20th day of November, 2020 before me, the subscriber, personally appeared Matthew J. DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

Commonwealth of Pennsylvania - Notary Seal
Julia T. Arndt, Notary Public
York County
My commission expires July 19, 2023
Commission number 1234962
Member, Pennsylvania Association of Notaries

Julia T. Arndt
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Pennsylvania

**BE IT REMEMBERED**, that on this 20th day of November, 2020 before me, the subscriber, personally appeared Joann DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

Commonwealth of Pennsylvania - Notary Seal
Julia T. Arndt, Notary Public
York County
My commission expires July 19, 2023
Commission number 1234962
Member, Pennsylvania Association of Notaries

Julia T. Arndt
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Pennsylvania

**BE IT REMEMBERED**, that on this 20th day of November, 2020 before me, the subscriber, personally appeared Rhoda DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

Commonwealth of Pennsylvania - Notary Seal
Julia T. Arndt, Notary Public
York County
My commission expires July 19, 2023
Commission number 1234962
Member, Pennsylvania Association of Notaries

Julia T Arndt
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ____________________

**BE IT REMEMBERED**, that on this _____ day of November, 2020 before me, the subscriber, personally appeared Timothy Barley who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

________________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ____________________

**BE IT REMEMBERED**, that on this _____ day of November, 2020 before me, the subscriber, personally appeared Benjamin Sheppard who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

________________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF __________________

**BE IT REMEMBERED**, that on this _____ day of November, 2020 before me, the subscriber, personally appeared Rhoda DeRose who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

______________________________
Notary Public

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

**BE IT REMEMBERED**, that on this 19th day of November, 2020 before me, the subscriber, personally appeared Timothy Barley who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notar

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

**BE IT REMEMBERED**, that on this 19th day of November, 2020 before me, the subscriber, personally appeared Benjamin Sheppard who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

**BE IT REMEMBERED**, that on this 19th day of November, 2020 before me, the subscriber, personally appeared Jason Motter who acknowledged under oath, to my satisfaction, that this person: (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his/her act and deed.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

On the 19th day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the Manager of BSM Holdings LLC, a Pennsylvania limited liability company; and that he/she executed the foregoing instrument in the name of said limited liability company, and that he/she had authority to sign the same, and acknowledged that he/she executed the same as the act and deed of said limited liability company.

Witness my hand and official seal, this 19th day of November, 2020.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF York

On the 19th day of November, 2020, before me personally came Timothy Barley, to me known to be the person who executed the foregoing instrument, and who, being by me duly sworn, did depose and say that he/she is the Manager of BSM Holdings Group LLC, a Pennsylvania limited liability company; and that he/she executed the foregoing instrument in the name of said limited liability company, and that he/she had authority to sign the same, and acknowledged that he/she executed the same as the act and deed of said limited liability company.

Witness my hand and official seal, this 19th day of November, 2020.

P. Michelle Fishel
Notary Public

Commonwealth of Pennsylvania - Notary Seal
P. Michelle Fishel, Notary Public
York County
My commission expires December 25, 2023
Commission number 1050408
Member, Pennsylvania Association of Notaries