**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HERITAGE HILLS ASSOCIATES,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CROWN BANK and**<br>**JACINTO RODRIGUES,**<br><br>**Defendants.** | **Civil Action No. 1:26-cv-02808**<br><br>**Judge Wilson**<br><br>**Electronically Filed** |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR**
**ALTERNATIVE SERVICE ON DEFENDANT JACINTO RODRIGUES**

## I. INTRODUCTION

For the past three weeks, Plaintiff Heritage Hills Associates ("Plaintiff") has tried to hand the Summons and Complaint to Defendant Jacinto Rodrigues ("Rodrigues" or "Defendant"), the Chief Executive Officer of co-defendant Crown Bank (the "Bank"). Plaintiff's process server visited the Bank's headquarters on three business days, telephoned twice, and left two messages asking for an appointment to effect service; none was returned. The process server also went to Rodrigues' home three times; someone was there the first two times, but no one answered the door. The Bank's own officers have confirmed that Rodrigues works at the Bank but keeps an irregular, unannounced schedule.

The Federal Rules do not permit a defendant to defeat service by keeping his calendar secret and declining to return messages or answer his door. Federal Rule of Civil Procedure 4(e)(1) incorporates Pennsylvania Rule of Civil Procedure 430(a) and New Jersey Court Rule 4:4-4(b)(3), each of which authorizes this Court to direct a method of service when service under the ordinary rules cannot be made. Plaintiff asks the Court to authorize service by: 1) UPS addressed to Rodrigues at the Bank's headquarters — the place where the Bank's officers have confirmed he works, where he sent the communications at issue in this case, and where the Bank's staff receives and relays messages to him – and to Rodrigues' personal residence; and 2) via email to jacinto.rodrigues@crownbank.net, an address at which Plaintiff has communicated with him previously. Those methods are virtually certain to apprise Rodrigues of the existence of this action and are thus consistent with constitutional due process.

## II. FACTUAL BACKGROUND

On September 21, 2026, Plaintiff commenced this action by filing a Complaint against Defendants Crown Bank and Jacinto Rodrigues. ECF 1. Defendant Rodrigues is the Chairman of the Board & Chief Executive Officer of the Bank, whose headquarters are located at 27 Prince Street, Elizabeth, New Jersey 07208 (the "Bank Address"). *See* Declaration of Daniel T. Brier, attached hereto as Exhibit 1, at ¶¶ 3-4.

Promptly after filing the Complaint, undersigned counsel engaged Dennis Richman Services for the Professional, Inc. ("DRS"), a professional process-serving firm located in Trevose, Pennsylvania, to serve the Summons and Complaint on the Defendants. *Id.* at ¶ 5. As further described in the affidavit of service filed in this matter on October 13, 2026 (ECF 8), the Complaint and Summons in this matter were served on Crown Bank on October 6, 2026 via personal delivery to its Vice President at the Bank Address.

As set forth in detail in the Affidavit of Roger Padilla (the "Padilla Aff.") and the Affidavit of James Swickle (the "Swickle Aff."), attached as Exhibits A and B to the Brier Declaration, DRS made numerous attempts to serve Defendant Rodrigues, all of which have been unsuccessful. DRS has attempted service on Defendant Rodrigues both at the Bank Address and at 6 Conklin Lane, Warren, NJ 07059 (the "Residence Address") as follows:

| No. | Date | Time | Location / Method | Result | Source |
|---|---|---|---|---|---|
| 1 | Tuesday, October 6, 2026 | 1:40 p.m. | In person — Bank Address | Not served. Marta Pinto, Vice President of Crown Bank, stated that she was not authorized to accept service on behalf of Rodrigues individually. She further stated that Rodrigues "has no set schedule as to when he is in the office"; that "[t]here are some days when he does not come to the office at all"; that when he is in the office "he may stay the day or only a few hours"; and that "[t]here is no advanced notice of when he w[ill] be at the bank location." | Padilla Aff. (Ex. A) |
| 2 | Wednesday, October 7, 2026 | 11:05 a.m. | In person — Bank Address | Not served. Receptionist ("Mary") stated that Rodrigues was not in today. She provided a telephone number for the Bank and suggested that the process server call after 2:00 p.m. that day "in an attempt to make an appointment to serve him." | Padilla Aff. (Ex. A) |

| No. | Date | Time | Location / Method | Result | Source |
|---|---|---|---|---|---|
| 3 | Wednesday, October 7, 2026 | 2:35 p.m. | Telephone — Crown Bank (number provided by receptionist) | Not served. Process server called to arrange an appointment to serve Rodrigues; was told Rodrigues was not in and was directed to leave a message for Ms. Pinto, "who would relay my message or return my call." Left voicemail with contact information, explaining that he had legal documents for Rodrigues and requesting an appointment to effect service. | Padilla Aff. (Ex. A) |
| 4 | Thursday, October 8, 2026 | 2:40 p.m. | Telephone — Crown Bank | Not served. No return call had been received from Ms. Pinto or Rodrigues. Process server called again and left a second message "stressing the importance and urgency for someone to contact me." | Padilla Aff. (Ex. A) |
| 5 | Friday, October 9, 2026 | 11:30 a.m. | In person — Bank Address | Not served. No return call had been received from Ms. Pinto or Rodrigues. Receptionist stated that neither Ms. Pinto nor Rodrigues was present. | Padilla Aff. (Ex. A) |
| 6 | Thursday, October 15, 2026 | 6:10 p.m. | In person — Residence Address | Not served. Indicia of occupancy observed but no response to process server. | Swickle Aff. (Ex. B) |

| No. | Date | Time | Location / Method | Result | Source |
|---|---|---|---|---|---|
| 7 | Friday, October 16, 2026 | 8:35 a.m. | In person — Residence Address | Not served. Indicia of occupancy observed but no response to repeated knocking and ringing of doorbell. | Swickle Aff. (Ex. B) |
| 8 | Monday, October 19, 2026 | 2:10 p.m. | In person — Residence Address | Not served. Unclear whether home occupied. No response to repeated knocking and ringing of doorbell. | Swickle Aff. (Ex. B) |

## III. ARGUMENT

### A. Fed. R. Civ. P. 4(e)(1) Authorizes Court-Ordered Alternative Service Under Both Pennsylvania and New Jersey Law.

An individual within a judicial district of the United States may be served with original process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, because this Court sits in Pennsylvania and service will be made in New Jersey, Plaintiff may proceed under the law of either state.

Pennsylvania permits original process to be served outside the Commonwealth "by a competent adult in the manner provided by [Pa. R. Civ. P.] 402(a)[,]" i.e., "by handing a copy" to the defendant himself, by handing a copy "at the residence of the defendant to an adult member of the family with whom he

resides" or "an adult person in charge of such residence[,]" or by handing a copy "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a), 404(1). Similarly, New Jersey allows service "by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household . . . ." N.J. Ct. R. 4:4-4(a)(1).

When those methods fail, Pa. R. Civ. P. 430(a) supplies the remedy:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a). New Jersey law similarly permits alternative service of process by court order as long as it is compliant with due process. N.J. Ct. R. 4:4-4(b)(3) ("If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.").

Federal courts in Pennsylvania regularly apply Pa. R. Civ. P. 430 and N.J. Ct. R. 4:4-4(b)(3) through Fed. R. Civ. P. 4(e)(1) to allow for alternative means of service. *See, e.g., HOF Grantor Tr. 1 v. Washington Dev. LLC*, CIVIL ACTION NO. 26-3229, 2026 WL 2795202, at *3 (E.D. Pa. Sept. 17, 2026) (ordering

alternative service by mail and property posting after four unsuccessful in person attempts); *United States v. Kistler*, No. 3:25cv773, 2025 WL 2301195, at *4 (M.D. Pa. Aug. 8, 2025) (alternative service via property posting and mail allowed after six unsuccessful in person attempts); *Am. Env't Al, Enters., Inc. v. Sternber*, Case No. 22-cv-688-JMY, 2022 WL 23043107, at *1 (E.D. Pa. Nov. 29, 2022) (alternative service via mail and email ordered after five unsuccessful in person attempts).[1]

"A motion requesting alternative service must state the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made . . . . Once defendant is located, plaintiffs must show that they have made practical efforts to serve defendant under the circumstances. Finally, the proposed alternate methods of service must be reasonably calculated to provide the defendant with notice of the proceedings." *Sternber*, 2022 WL 23043107, at *1 n.1 (citations omitted); *see also Long v. Polidori*, No. 03-CV-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003) (a plaintiff must engage in a "good faith effort" to locate and serve a defendant prior to authorization of alternative service; it need not exhaust every method listed in the service rules and the commentary thereto); *accord Jurina v. GTS Transp. Corp.*, Civil Action No. 19-317, 2020 WL 2104752, at *1 (W.D. Pa. May 1, 2020). The

[1] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

final requirement rests on constitutional due process, which requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

**B. Plaintiff Has Satisfied Each Requirement for Alternative Service**

Here, Plaintiff satisfies all three prerequisites for alternative service. Rodrigues is not missing – he is the CEO of Crown Bank, his co-defendant in this action; Crown Bank's Vice President and receptionist have both confirmed to Plaintiff's process server that he works at the Bank Address; and Plaintiff has identified his Residence Address through the process server hired by undersigned counsel.

Second, Plaintiff has acted in good faith in undertaking to serve Rodrigues under the circumstances, and its efforts have been defeated by evasion. Plaintiff hired a professional process server to effectuate service at both Rodrigues' business and residential addresses, and the server:

(a) made three in-person attempts at the Bank Address on three different business days (Tuesday, Wednesday, and Friday) at different times of day (1:40 p.m., 11:05 a.m., and 11:30 a.m.), each time speaking with Bank personnel who confirmed that Rodrigues works there (*see* Padilla Aff. (Ex. A));

(b) twice telephoned the Bank at the receptionist's suggestion and left messages identifying himself as a process server with legal documents for Rodrigues and asking for an appointment, which messages were not returned (*see* Padilla Aff. (Ex. A)); and

(c) made three in-person attempts at the Residence Address, observing indicia of occupancy on the first two attempts but receiving no answer to repeated door knocking and doorbell ringing. *See* Swickle Aff. (Ex. B).

These attempts to effectuate service provide a compelling explanation of why personal service is impossible: at his business address, Rodrigues "has no set schedule," sometimes "does not come to the office at all," and gives "no advanced notice" of his presence, and at his residence, either Rodrigues or the other individuals present therein refuse to respond to attempts at service. This record affirmatively shows evasion. The Bank's Vice President did not say that Rodrigues was traveling or ill; she said that he has no set schedule, that he sometimes does not come in at all, and that no one is told in advance when he will appear. The Bank's receptionist invited the process server to call for an appointment; the Bank then declined to make one and never returned either of his messages, including one "stressing the importance and urgency" of a response. Service was attempted at Rodrigues' residence on several occasions; the home was occupied, yet no one came to the door.

Given these clear indicia that Rodrigues is attempting to evade service, no remaining rule-based method of service is realistically available. Service by mail under Pa. R. Civ. P. 403 is complete only when the return receipt is "signed by the defendant or his authorized agent," and the plaintiff must affirmatively prove that any non-defendant signer was authorized to accept process. *See, e.g., Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582, 585-86 (E.D. Pa. 2018). It is reasonable to assume that a defendant who will not answer his door or return a call will not sign for restricted-delivery mail, and the Bank's Vice President has already disclaimed any authority to accept service for him.

Finally, Plaintiff's proposed alternative methods of service – United Parcel Service to both Defendant's business address and residence, and email to jacinto.rodrigues@crownbank.net, an address which Defendant has previously used to communicate with Plaintiff (*see* ECF 1-9) – are virtually certain to give Defendant notice of these proceedings.[2] Defendant lives at his residence. Defendant's staff has confirmed that he works at the Bank Address and that they can relay messages to him. And Defendant has previously communicated with Plaintiff via mail at the Bank Address and via email at the Email Address. Moreover, UPS will provide a

[2] Upon information and belief, Defendant Rodrigues is already aware of these proceedings by virtue of Plaintiff's having successfully effectuated service on Crown Bank, of which Rodrigues is CEO, and Rodrigues is intentionally evading service to increase Plaintiff's litigation costs.

tracked record of delivery to a specific address, which is materially more reliable than other commonly approved methods of alternative service (e.g., posting on a door or service via publication).

### C. To the Extent Necessary, the Court Should Extend the Rule 4(m) Period.

The ninety-day period under Fed. R. Civ. P. Rule 4(m) presently expires on or about December 20, 2026. If the Court grants this Motion promptly, service will be completed well within that period. Should the Court require additional time to rule, however, Plaintiff requests that the period be extended through the thirtieth day after entry of the Court's Order. The Third Circuit applies a two-step inquiry: if good cause exists, an extension is mandatory; if not, the Court may extend time in its discretion. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause exists here: Plaintiff retained a professional process server promptly after filing, made repeated and varied attempts at service at two locations, and filed this Motion with ample time remaining in the 90-day service period. The Advisory Committee's own illustration of a case warranting relief is one in which "the defendant is evading service." Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendment).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion and enter an order: (1) authorizing service of the Summons and Complaint upon Defendant Jacinto Rodrigues by (a) UPS addressed to him at (i) c/o Crown Bank, 27 Prince Street, Elizabeth, New Jersey 07208 and (ii) 6 Conklin Lane, Warren, NJ 07059, and (b) email to jacinto.rodrigues@crownbank.net; and (2) extending the time for service to the extent necessary.

Dated: October 23, 2026

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Brian J. Levy
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100
dbrier@mbklaw.com
blevy@mbklaw.com

-and-

Steven M. Coren (PA ID 32140)
Andrew Belli (PA ID 208100)
(*pro hac vice applications forthcoming*)
Coren & Ress, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
(215) 735-8700
scoren@kcr-law.com
abelli@kcr-law.com
*Counsel for Plaintiff*