**HILL WALLACK LLP**
BY: Michael F. Schleigh, Esquire
Attorney I. D. No. 88407
1000 Floral Vale Blvd, Ste 300
Yardley, PA 19067
Direct Line: (267) 579-2074
Email: mschleigh@hillwallack.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE HILLS ASSOCIATES,<br><br>Plaintiff<br>v.<br><br>CROWN BANK AND JACINTO RODRIGUES.<br><br><br>Defendants | CIVIL ACTION<br><br>NO. 1:26-cv-02808-JPW<br><br>Hon. Jennifer P. Wilson |
| CROWN BANK,<br><br>Third-Party Plaintiff<br><br>v.<br><br>HERITAGE HILLS BUSINESSES LIMITED PARTNERSHIP, HERITAGE HILLS BUSINESSES I LLC, MATTHEW J. DEROSE, JOANN DEROSE, RHONDA DEROSE, BENJAMIN SHEPPARD, JASON MOTTER, BSM HOLDINGS LLC, AND BSM HOLDINGS GROUP LLC,<br><br>Third-Party Defendants | |

**ANSWER AND DEFENSES TO COMPLAINT, WITH COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendants, Crown Bank ("Crown") and Jacinto Rodrigues ("Rodrigues", and with Crown collectively the "Defendants"), via their counsel Hill Wallack LLP hereby answers the complaint

filed in this matter (the "Complaint") by plaintiff, Heritage Hills Associates ("Plaintiff"), and avers as follows:

1. The allegations of Paragraph 1 of the Complaint are summary in nature and do not contain any allegations of fact, therefore no response is necessary. To the extent a response is required, Defendants deny any allegations asserting that it acted improperly with respect to the Loan.[1]

2. The allegations of Paragraph 2 of the Complaint are summary in nature and do not contain any allegations of fact, therefore no response is necessary. To the extent a response is required, Defendants admit only that payments on the Loan were made but denies the payments were in the amounts necessary under the terms and conditions of the Loan after the event of default as discussed below.

3. The allegations of Paragraph 3 of the Complaint are summary in nature, conclusory, assert legal conclusions, and do not contain any allegations of fact, therefore no response is necessary. To the extent a response is required, denied.

4. Defendants admits only that a default occurred under the Loan and denies the remaining allegations in Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 of the Complaint are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required, Defendants admits only that the terms of the Loan Agreement speak for themselves and denies the remaining allegations of Paragraph 5 of the Complaint.

6. The allegations of Paragraph 5 of the Complaint are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required,

[1] Capitalized terms used herein shall have the meaning ascribed to them in Plaintiff's complaint unless otherwise defined herein.

Defendants admit only that a default occurred under the Loan and that Crown and denies the remaining allegations of Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required, denied.

8. Admitted only that Rodrigues met with Plaintiff's representatives relating to the Loan prior to Crown issuing a payoff letter dated May 21, 2026 to Plaintiff, which letter speaks for itself. The remaining allegations of Paragraph 8 are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required, denied.

9. The allegations of Paragraph 9 of the Complaint are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required, denied.

10. The allegations of Paragraph 5 of the Complaint are summary in nature, conclusory, and assert legal conclusions, to which no response is required. To the extent a response is required, denied.

11. Upon information and belief, admitted only as to Plaintiff. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 13 of the Complaint and leave Plaintiff to its proofs

12. Upon information and belief, admitted.

13. Admitted.

14. The allegations of Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without

sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and leave Plaintiff to its proofs.

15. The allegations of Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and leave Plaintiff to its proofs.

16. Admitted.

17. Admitted.

18. The allegations of Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, denied.

19. The allegations of Paragraph 19 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint and leave Plaintiff to its proofs.

20. The allegations of Paragraph 20 of the Complaint contain legal conclusions to which no response is required. Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and leave Plaintiff to its proofs.

21. The allegations of Paragraph 21 of the Complaint contain legal conclusions to which no response is required. Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and leave Plaintiff to its proofs.

22. The allegations of Paragraph 22 of the Complaint contain legal conclusions to which no response is required. Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint and leave Plaintiff to its proofs.

23. The allegations of Paragraph 23 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, denied.

24. Admitted.

25. Denied that Paragraph 25 of the Complaint accurately reflects the terms of the Note and refers to that agreement for its terms. Defendants admit the remaining allegations contained in Paragraph 25 of the Complaint.

26. Admitted.

27. Admitted.

28. Denied.

29. Defendants deny that any of the alleged actions referenced in Paragraph 29 of the Complaint are required under the Loan Documents or that Crown had an obligation to take action or send notices that are not specifically provided for within the terms of the Loan Documents or 2020 Modification.

30. Defendants admit only that the base rate on the Loan was 6.21% beginning December 2, 2025 and denies the remaining allegations of Paragraph 30 of the Complaint to the extent it alleges that Crown had an obligation to reject the referenced payments, take action or send notice of default pursuant to the terms of the Loan Documents or 2020 Modification.

31. Admitted only that the June 17, 2026 statement speaks for itself, including the notice provision that expressly states that if the statement is in conflict with any terms of the note, the note will govern and any default interest due is not waived and must be paid at maturity or loan payoff. To the extent paragraph 31 of the Complaint alleges any actions by Defendants not in conformity with the terms of the Loan Documents or 2020 Modification, denied.

32. Admitted.

33. Defendants deny that any of the alleged actions referenced in Paragraph 33 of the Complaint are required under the Loan Documents or that Crown had an obligation to take action or send notices that are not specifically provided for within the terms of the Loan Documents or 2020 Modification.

34. Denied.

35. Admitted only that the monthly statements for the Loan included the language referenced in Paragraph 35 of the Complaint. The remaining allegations of Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny that any of the actions referenced in Paragraph 36 of the Complaint are required under the Loan Documents or the 2020 Modification.

37. The allegations contained in Paragraph 36 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required, denied.

38. Denied.

39. Denied.

40. Defendants deny that any of the alleged inactions referenced in Paragraph 40 of the Complaint were required under the Loan Documents or that Crown had an obligation to disclose the existence of the known default or take action relating to same that are not specifically provided for within the terms of the Loan Documents or 2020 Modification.

41. Denied.

42. Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint and leave Plaintiff to its proofs.

43. Admitted only that Crown received a payoff request on the Loan in 2026. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 43 of the Complaint and leave Plaintiff to its proofs.

44. Admitted only that the Payoff Statement was issued and the document speaks for itself.

45. Denied.

46. The allegations contained in Paragraph 46 of the Complaint contain conclusory statements and/or legal conclusions to which no response is required. To the extent a response is required, admitted only that the Payoff Statement included the amounts due on the Loan. The remaining allegations of Paragraph 46 of the Complaint are denied.

47. Admitted.

48. Defendants admit only that a response to Mr. DeRose's May 26, 2026 email was sent on May 29, 2026, which responsive email speaks for itself. Defendants deny any allegation or implication that the May 29, 2026 email contains any admission or statement which supports Plaintiff's claims in this matter.

49. Denied.

50. Admitted only that the May 29, 2026 e-mail speaks for itself and Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. Denied.

52. Admitted only that the June 9, 2026 correspondence was issued, which document speaks for itself.

53. Denied.

54. Defendants are without sufficient information to admit or deny the allegations of Paragraph 54 of the Complaint and leave Plaintiff to its proofs.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

**AS TO COUNT I**

59. Defendants repeat, and incorporate, their responses to paragraph 1 through 58 as if set forth in full herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**AS TO COUNT II**

64. Defendants repeat, and incorporate, their responses to paragraph 1 through 63 as if set forth in full herein.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**AS TO COUNT III**

70. Defendants repeat, and incorporate, their responses to paragraph 1 through 69 as if set forth in full herein.

71. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 71 of the Complaint and, therefore, leave Plaintiff to its proofs.

72. Defendants deny any wrongful conduct and are without sufficient information to admit or deny the remaining allegations set forth in Paragraph 72 of the Complaint and, therefore, leave Plaintiff to its proofs.

73. Defendants deny any wrongful conduct and are without sufficient information to admit or deny the remaining allegations set forth in Paragraph 73 of the Complaint and, therefore, leave Plaintiff to its proofs.

74. Denied.

75. Denied.

76. Denied.

**<u>AS TO COUNT IV</u>**

77. Defendants repeat, and incorporate, their responses to paragraph 1 through 76 as if set forth in full herein.

78. Admitted only that the Payoff Statement was issued. Defendants deny the remaining allegations of Paragraph 78 of the Complaint.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

**AS TO COUNT V**

86. Defendants repeat, and incorporate, their responses to paragraph 1 through 85 as if set forth in full herein.

87. Denied.

88. Denied.

**DEFENSES**

**FIRST SEPARATE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

**THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the terms and conditions of the Loan Documents and the 2020 Modification.

**FOURTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants at all relevant times acted in accordance with the terms of the Loan Documents and 2020 Modification and to protect its interests therein.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants at all relevant times acted in pursuit of Crown's legitimate business interests.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Rodrigues has acted at all relevant times as an officer or representative of Crown only.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Rodrigues has not personally benefited from any actions of Defendants.

**EIGHTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants have acted in good faith.

**NINTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants were at all times acting within the scope of their agreements with the Plaintiff.

**TENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as its alleged contractual relations was not sufficiently likely to occur.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendnats did not act with any intent to interfere with Plaintiff's prospective contractual relations.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants made no misstatements, misrepresentations, or omissions.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Defendants took no action, nor failed to act, with any intention to mislead.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as Plaintiff cannot prove reasonable reliance on any alleged action or inaction of Defendants.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as it suffered no damages.

**SIXTEENTH SEPARATE DEFENSE**

Plaintif's claims are barred, in whole or in part, as it is not entitled to recover punitive damages, if any.

**SEVENTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

**EIGHTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as no action on the part of Defendants was the proximate cause of Plaintiff's damages, if any.

**NINETEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by its own failure to act which was the proximate cause of its damages, if any.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by its own actions or inactions which were the proximate cause of its damages, if any.

**TWENTY-FIRST SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, based upon the conduct of third-parties over which Defendants had no control, which was the proximate cause of Plaintiff's damages, if any.

**TWENTY-SECOND SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as they have failed to join indispensable parties.

**TWENTY-THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred in whole or in part by recoupment and/or setoff.

**TWENTY-FOURTH SEPARATE DEFENSE**

Plaintiff's lack standing to pursue the claims asserted in the Complaint and/or Plaintiff's actions are *ultra vires*.

**RESERVATION OF RIGHTS**

Defendants reserve their right to add additional defenses during the continuing course of discovery.

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

1. Crown, as and for its Counterclaim against Plaintiff Heritage Hills Associates ("Plaintiff" or "HHA"), and Third-Party Complaint against Third-Party Defendants Heritage Hills Businesses Limited Partnership, Heritage Hills Businesses I LLC, Matthew J. DeRose, Joann DeRose, Rhonda DeRose, Benjamin Sheppard, Jason Motter, BSM Holdings LLC, and BSM Holdings Group LLC, hereby alleges and states the following:

**ADDITIONAL PARTIES**

2. Upon information and belief, Third-Party Defendant Heritage Hills Businesses Limited Partnership (HHBLP) is a limited partnership organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania.

3. Upon information and belief, Third-Party Defendant Heritage Hills Businesses I LLC (HHBI), is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania.

4. Upon information and belief, Third-Party Defendants Matthew J. DeRose, Joann DeRose, Rhonda DeRose, Benjamin Sheppard, and Jason Motter, are individuals whose primary residence is located in the State of Pennsylvania.

5. Upon information and belief, Third-Party Defendant BSM Holdings LLC ("BSM"), is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania.

6. Upon information and belief, Third-Party Defendant BSM Group LLC ("BSM Group"), is a limited liability company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania.

## JURISDICTION

7. This Court retains subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the addition of the Third-Party Defendants to this action does not defeat complete diversity of the parties adverse in this action, and the amount in controversy exceeds $75,000.

## FACTS COMMON TO ALL CLAIMS

### A. The Original Loan

8. On or about November 21, 2014, Plaintiff HHA executed a Note (the "Original Note") in favor of Crown in the original principal amount of Ten Million and 00/100 Dollars ($10,000,000.00) (hereinafter, the "Original Loan").

9. On or about the same date, in connection with the Original Loan, HHA and Crown entered into a Loan Agreement governing the terms and conditions of the Original Loan.

10. As security for the Original Note and Original Loan, HHA granted Crown a certain Open-End Mortgage and Security Agreement (the "Mortgage") dated November 21, 2014, which granted a mortgage in favor of Crown against the premises commonly known as 2690 and 2700 Mt. Rose Aveneue, and designated as UPI 46-00-IJ-0019, 46-000-IJ-0020, 54-000-IJ-0021F, and 54-000-IJ-0022 on the official tax map of the Townships of York and Springettsbury, County of York and Commonwealth of Pennsylvania (collectively, the "Mortgaged Premises"), and as more fully set forth on Schedule A attached to the Mortgage. The Mortgage was recorded on November 24, 2014, in the Office of the Recorder of Deeds in and for York County, Pennsylvania (the "Recorder's Office"), in Record Book 2300, page 4560, as Instrument No. 204052110, which Mortgage is a first lien on the Mortgaged Premises.

11. The Original Note is further secured by an Absolute Assignment of Leases and Rents dated November 21, 2014, and recorded on November 24, 2014, in the Recorder's Office in Record Book 2300, Page 4584, as Insturment Number 20144052111.

12. The Original Note is further secured by a Security Agreement granting a first lien security interest (the "Security Interest") on all of Borrowers' assets, including but not limited to accounts, accounts receivable, inventory, goods, machinery, equipment, furniture, fixtures, chattel paper, instruments, documents, merchandise, supplies, general intangible equipment, money securities, contract rights, and proceeds including insurance proceeds and products thereof, now owned or hereafter acquired (the "Collateral").

13. On or about November 24, 2014, Crown perfected its Security Interest in the Collateral by filing a UCC-1 Financing Statement with the Pennsylvania Department of State, bearing File Number 2014120200365, for which UCC-3 Continuation Statements were filed on November 4, 2019 (File No. 2019110401739) and October 28, 2024 (File No. 20241028248743).

14. Also, on or about November 24, 2014, Crown further perfected its interest in the Collateral by filing a UCC-1 Financing Statement with the Pennsylvania Department of State, bearing File Number 201420200377, for which UCC-3 Continuation Statements were filed on November 4, 2019 (File No. 2019110401735) and October 28, 2024 (File No. 20241028248736).

15. Also, on or about November 24, 2014, Crown further perfected its interest in the Collateral by filing a UCC-1 Financing Statement with the Pennsylvania Department of State, bearing File Number 2014120200353, for which UCC-3 Continuation Statements were filed on August 29, 2019 (File No. 2019082900320) and October 28, 2024 (File No. 20241028248744).

16. Also, on or about November 24, 2014, Crown further perfected its interest in the Collateral by recording a UCC-1 Financing Statement with the Recorder's Office in Book 2300, Page 4607 bearing Instrument Number 2014052112, for which Continuation Statements were recorded on November 12, 2019, in Book 2544, Page 8570 (Instr. No. 2019050471), and February 3, 2026, in Book 2882, Page 1491 (Instr. No. 2026005484).

17. In conjunction with the Original Loan, on or about November 21, 2014, Third-Party Defendants Matthew J. DeRose and Joann DeRose (collectively the "Original Guarantors"), each unconditionally, jointly and severally guaranteed HHA's payment of the Original Loan pursuant to Guarantees of Payment executed by each of the Original Guarantors.

**B. <u>The Loan Modification and Additional Guarantees</u>**

18. On or about November 19, 2020, HHA, HHBLP and HHBI (collectively the "Borrowers"), each executed an Amended and Restated Promissory Note (the "Amended Note"), in the original principal amount of $8,962,367.33, pursuant to a Modification and Joinder Agreement (the "Modification Agreement"), which amended and restated the terms of the Original Note. The Original Note, the Original Loan Agreement, the Mortgage and the Modification Agreement are collectively referred to herein as the "Modified Loan Documents."

19. The Amended Note carried an initial interest rate of 5.50%, followed by a variable adjusted interest rate equal to the weekly average NYFHLB Index published by the Federal Home Loan Bank of New York, plus 250 basis points, or 5.50%, whichever is greater (the "Adjusted Interest Rate"). Pursuant to the Modified Loan Documents, the Amended Note remained secured by the Mortgage, the Security Interest and all other security interests granted by the terms of the Modified Loan Documents.

20. Pursuant to the Amended Note, the Borrowers agreed to make principal and interest payments, beginning January 2, 2021, through December 2, 2025, in the amount of Fifty-five Thousand Four Hundred Forty-Six and 38/100 dollars ($55,446.38). Thereafter, commencing on January 2, 2026, Borrowers agreed to make payments on the second day of each calendar month through and including December 2, 2030 (the "Maturity Date"), based on the then-outstanding principal balance of the Loan, the Adjusted Interest Rate, and the remainder of the twenty-five (25) year amortization schedule, together with one-twelfth (1/12) of the annual Real Estate Taxes due on the Mortgaged Premises.

21. On the Maturity Date, a final payment consisting of all outstanding principal, interest, fees and other charges became due and payable to Crown.

22. To ensure payment under the Modified Loan Documents, the Original Guarantors executed and delivered to Crown a Reaffirmation of Guaranty dated November 19, 2020, by which the Original Guarantors unconditionally, jointly and severally guaranteed Borrowers' full, prompt and unconditional payment of the principal, interest and any other amounts to be paid by the Borrowers under the Modified Loan Documents.

23. Furthermore, as additional assurance of payment under the Modified Loan Documents, non-party Timothy Barley and Third-Party Defendants Rhonda DeRose, Benjamin Sheppard, Jason Motter, BSM, and BSM Group (collectively the "Additional Guarantors" and together with the Original Guarantors, the "Guarantors"), each executed and delivered to Crown a Guaranty of Payment dated November 19, 2020, by which the Additional Guarantors unconditionally, jointly and severally guaranteed Borrowers' full, prompt and unconditional payment of the principal, interest and any other amounts to be paid by the Borrowers under the Modified Loan Documents.

24. In conjunction with the Modified Loan Documents, the Borrowers and the Guarantors collectively executed the Modification Agreement, by which *inter alia* the Borrowers and the Guarantors: (i) acknowledged that the outstanding principal balance due by the Borrowers under the Original Note was $8,887,367.33 as of the date of the Modification Agreement; and (ii) acknowledged, ratified, confirmed and reaffirmed the continuation of the Original Note, the Original Mortgage, the Loan Agreement, the Guarantees and any and all other Loan Documents, which continued in full force and effect, in accordance with their respective terms.

**C. The Borrowers' Defaults Under the Modified Loan Documents**

25. The Modified Loan Documents set forth those actions or inactions by the Borrowers that constitute events of default thereunder, including but not limited to any Event of Default occurring under the provisions of any of the Modified Loan Documents.

26. The Original Note sets forth that an Event of Default under the Modified Loan Documents shall occur upon several enumerated events, including but not limited to any general partner of the Borrower or any other Obligor being adjudicated bankrupt, insolvent or having filed a voluntary petition in bankruptcy.

27. Furthermore, pursuant to the Modified Loan Documents, upon an Event of Default, whether or not Crown has elected to accelerate the indebtedness evidence by the Modified Loan Documents, the Loan shall bear interest, payable on demand, at the rate set forth in the Note, plus five percentage points per year (the "Default Rate").

28. The Amended Note further provides for a prepayment fee equal to a percentage of the prepayment amount, calculated based upon the Loan Year in which the prepayment is made.

29. Pursuant to the terms of the Modified Loan Documents, the Borrowers agreed to pay Crown its attorneys' fees and all costs of suit incurred by Crown related to any efforts to collect on the Loan Documents.

30. Borrowers defaulted upon the Modified Loan in several material respects, including but not limited to non-party Timothy Barley's filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United State Bankruptcy Court for the Middle District of Pennsylvania, on or about January 30, 2023, bearing Case No. 1:23-bk-00190.

31. Said filing constituted an Event of Default pursuant to Section 7(a)(vi) of the Original Note.[2]

32. As such, in accordance with the express terms of the Amended Note, the Modified Loan immediately began accruing interest at the Default Rate. Such Default Interest is payable by Borrower upon demand by the Bank, in accordance with the terms of the Modified Loan Documents.

33. Furthermore, the entire unpaid principal amount of the Modified Loan, together with all interest accrued thereon and all other sums due and payable to the Bank under the Modified Loan Documents became immediately due and payable, at the Bank's option, without presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, all of which Borrower expressly waived.

34. Based on the foregoing, on or about May 21, 2026, in response to a request for payoff amount from HHA, Crown advised that the principal amount of $7,897,808.68, together with default interest, late charges, prepayment penalties and all other fees were due and payable to Crown.

35. Borrower and Guarantors have failed to make payment to Crown of the amounts due and owing under the Modified Loan Documents.

[2] Crown specifically reserves the right to identify and prove additional Events of Default that occurred during the Loan Term, without limitation.

**FIRST COUNT**
**(Breach of the Note and Modification Agreement Against the Borrowers)**

36. Crown repeats and realleges the allegations set forth in Paragraphs 1 through 31 of the Counterclaim and Third-Party Complaint as though fully set forth herein at length.

37. As a result of Borrowers' default under the Modified Loan Documents, Borrowers are liable to Crown for all amounts due thereunder and pursuant to the terms of the Modified Loan Documents, including default interest, prepayment premiums, late charges and attorneys' fees and costs.

38. As of November 18, 2026, there remained due and owing the principal sum of $7,897,808.68, exclusive of attorneys' fees and costs, and default interest and other charges continue to accrue.

**WHEREFORE,** Crown demands judgment on the First Count of its Counterclaim and Third-Party Complaint against Borrowers Heritage Hills Associates, Heritage Hills Businesses Limited Partnership, and Heritage Hills Businesses I LLC, in an amount not less than $7,897,808.68, together with default interest due and owing under the terms of the Modified Loan Documents, late fees, prepayment charges, attorneys fees and costs, such other fees due and owing pursuant to the Modified Loan Documents, and such further and other relief as the Court deems equitable and just.

**SECOND COUNT**
**(Breach of Guarantees Against Third-Party Defendant Guarantors)**

39. Crown repeats and realleges the allegations set forth in Paragraphs 1 through 34 of the Counterclaim and Third-Party Complaint as though fully set forth herein at length.

40. Each of the Guarantors, pursuant to the Modified Loan Documents, unconditionally, jointly and severally guaranteed Borrowers' full, prompt and unconditional payment of the principal, interest and any other amounts to be paid by the Borrowers under the Modified Loan Documents.

41. As a result of Borrowers' default under the Modified Loan Documents, Guarantors are liable to Crown for all amounts due thereunder and pursuant to the terms of the Modified Loan Documents, including default interest, prepayment premiums, late charges and attorneys' fees and costs.

42. As of November 18, 2026, there remained due and owing the principal sum of $7,897,808.68, exclusive of attorneys' fees and costs, and default interest and other charges continue to accrue.

**WHEREFORE,** Crown demands judgment on the Second Count of its Counterclaim and Third-Party Complaint against Guarantors Matthew J. DeRosa, Joann DeRoas, Rhonda DeRose, Benjamin Sheppard, Jason Motter, BSM, and BSM Group, in an amount not less than $7,897,808.68, together with default interest due and owing under the terms of the Modified Loan Documents, late fees, prepayment charges, attorneys fees and costs, such other fees due and owing pursuant to the Modified Loan Documents, and such further and other relief as the Court deems equitable and just.

**THIRD COUNT**
**(Replevin and Foreclosure of Security Interests)**

43. Crown repeats and realleges the allegations contained in paragraphs 1 through 40 of the Counterclaim as if set forth fully herein.

44. An event of default has occurred under the under the Security Agreement by the Borrowers having failed to make payments to Crown when due under the Note and Modified Loan Documents.

45. Any interest or lien which the Borrowers have, or may claim to have, in or upon the Collateral, or any part thereof, is subject and subordinate to the senior perfected security interests of Crown.

46. As a result of the Borrower's default, Crown is entitled to, at its option and without waiving its right to any remedy, accelerate the indebtedness, assemble the Collateral, sell the Collateral, collect revenues, apply accounts, obtain a deficiency judgment, and exercise all of the rights of a secured creditor under the provisions of the Uniform Commercial Code and any other rights and remedies it may have at law, in equity or otherwise.

**WHEREFORE**, Crown hereby demands judgment in its favor on the Third Count of its Counterclaim and Third-Party Complaint, adjudicating that: (i) Crown is entitled to possession of the Collateral; (ii) the issuance of a writ of replevin pursuant to 13 Pa.C.S. §§ 9601 and 9609 and Pa.R.P.C. § 1075.1 for the Collateral; (iii) Borrowers assemble the Collateral for sale; (iv) Plaintiff Heritage Hills Associates, and Third-Party Defendants Heritage Hills Businesses Limited Partnership and Heritage Hills Businesses I LLC, and any or all persons claiming under or through Borrowers be forever barred and foreclosed of all right, claim, lien, title and equity of redemption of, in and to the Collateral, and each and every part thereof; and that the Collateral may be decreed to be sold according to law; (v) Crown may be paid the amounts due on the Amended Note and Modified Loan Documents with interest to the time of such payment and the costs and disbursements of this action, and the expenses of the sale, together with any amounts which have

been or may be advanced by Crown to protect its security with interest thereon from the time of such payment, so far as the amount of such moneys properly applicable thereto will pay the same; (vi) Plaintiffs may be adjudged to pay any deficiency which may remain after applying all of said moneys so applicable thereto; and, (vii) Crown may have such further and other relief as the Court deems equitable and just.

**HILL WALLACK LLP**

BY: *__/s/Michael F. Schleigh__*
**MICHAEL F. SCHLEIGH, ESQUIRE**
Attorneys for Defendants
Crown Bank and Jacinto Rodrigues

Date: 11/18/2026

**HILL WALLACK LLP**
BY: Michael F. Schleigh, Esquire
Attorney I. D. No. 88407
1000 Floral Vale Blvd, Ste 300
Yardley, PA 19067
Direct Line: (267) 579-2074
Email: mschleigh@hillwallack.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERITAGE HILLS ASSOCIATES,<br><br>Plaintiff<br>v.<br><br>CROWN BANK AND JACINTO RODRIGUES.<br><br><br>Defendants | CIVIL ACTION<br><br>NO. 1:26-cv-02808-YK |
| CROWN BANK,<br><br>Third-Party Plaintiff<br><br>v.<br><br>HERITAGE HILLS BUSINESSES LIMITED PARTNERSHIP, HERITAGE HILLS BUSINESSES I LLC, MATTHEW J. DEROSE, JOANN DEROSE, RHONDA DEROSE, BENJAMIN SHEPPARD, JASON MOTTER, BSM HOLDINGS LLC, AND BSM HOLDINGS GROUP LLC,<br><br>Third-Party Defendants | |

## CERTIFICATE OF SERVICE

I, Michael F. Schleigh, Esquire, hereby certify that I have served a copy of foregoing answer and defenses on the following parties by e-filing system, upon the following:

Daniel T. Brier, Esq.
Brian J. Levy, Esq.
Myers, Brier & Kelly, LLP
425 Biden Street, Ste 200
Scranton, PA, 18503
Attorneys for Plaintiff
dbrier@mbklaw.com
blevy@mbklaw.com
Attorneys for Plaintiff

Steven M. Coren, Esq.
Andrew Belli Esq.
Coren & Ress, P.C.
Two Commerce Square, Ste 3900
2001 Market Street
Philadelphia, PA 19103
scoren@kcr-law.com
abelli@kcr-law.com
Attorneys for Plaintiff

**HILL WALLACK LLP**

Date: 11/18/2026

BY: */s/Michael F. Schleigh*
**MICHAEL F. SCHLEIGH, ESQUIRE**
Attorneys for Defendants
Crown Bank and Jacinto Rodrigues